UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH ANDREW BEACH, § § Petitioner, § § v. § § BOBBY LUMPKIN, § § Respondent. § | Civil Action No. 2:21-CV-00013 |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation ("M&R") of Magistrate Judge Jason B. Libby. (Dkt. No. 6). In the M&R, Magistrate Judge Libby recommends that the Court (1) deny *pro se* Petitioner Joseph Andrew Beach's Petition for Writ of Habeas Corpus under the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases, (Dkt. No. 1); (2) deny as moot his Motion to Proceed *In Forma Pauperis*, (Dkt. No. 4); and (3) deny a certificate of appealability. Magistrate Judge Libby also warns Beach that, because of his prior litigation in federal courts, further frivolous filings may result in sanctions.

Beach was provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1). Beach did not file an objection. As a result, review is straightforward: plain error.[1] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

---

[1] The comment to Rule 72 of the Federal Rules of Civil Procedure states that Rule 72 is inapplicable in the habeas context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007). Rather, Rule 8 of the rules governing Section 2254 cases provides instructions on the timely filing of objections that, in
(continue)

No plain error appears. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. The Court **DISMISSES WITH PREJUDICE** Beach's Petition for Writ of Habeas Corpus and **DENIES AS MOOT** his Motion to *Proceed In Forma Pauperis*. The Court **DENIES** a certificate of appealability. Finally, Beach has already exhausted his strikes under 28 U.S.C. § 1915(g). *See* (Dkt. No. 6 at 3).

It is SO ORDERED.

Signed on December 16, 2021.

                                                _____
                                                    **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**

---

relevant part, mirror 28 U.S.C. § 636(b)(1)(C). *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made.") *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Thus, this Court considers Rule 8, Section 636(b)(1)(C), and Fifth Circuit precedent in weighing the effect of a failure to timely object to an M&R addressing a habeas petition.